IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICKY GONZALES, | § § § | |
| *Plaintiff*, | § § | 5-17-CV-00998-OLG-RBF |
| vs. | § § | |
| CITY OF SAN ANTONIO, | § § § | |
| *Defendant*. | § § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Report and Recommendation concerns the Motion to Dismiss filed by Defendant City of San Antonio. Dkt. No. 6. All pretrial matters in this case were referred to the undersigned for disposition, pursuant to Western District of Texas Local Rules CV-72 and 1 to Appendix C. Dkt. No. 10. The Court has federal question jurisdiction over this § 1983 case pursuant 28 U.S.C. § 1331, and the undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, it is recommended that Defendant's Motion to Dismiss, Dkt. No. 6, be **GRANTED** but that Plaintiff be permitted an opportunity to amend the complaint to cure the deficiencies outlined herein.

    I.   **Factual and Procedural Background**

This wrongful-termination action is brought by Plaintiff Ricky Gonzales, a former employee of the San Antonio Parks and Recreation Department, who was terminated after failing a post-accident drug test. As a Parks and Recreation employee, Gonzales would often drive one

of the City's trucks while pulling an attached trailer. Compl. ¶ 9, 13. According to Gonzales, he was "one of the safest drivers and best to park the Defendant, City's truck while pulling a trailer." *Id.* ¶ 12. But on the afternoon of April 20, 2016, a fellow employee reported Gonzales for damaging another vehicle while parking in the City's yard. *Id.* ¶ 16. Gonzales's supervisor inspected both vehicles and trailers but found no visible damage. *Id.* Thereafter, Gonzales was permitted to leave for the afternoon without further incident. *Id.*

The following morning at approximately 7 am, Park Operations Supervisor Terry Trevino contacted Gonzales and informed him that he needed to take a drug test as a result of the previous day's incident. *Id.* ¶ 20. Initially, Gonzales refused. He maintained that the City's Drug Testing Policy required that all drug tests be administered *on the same day of* an accident. *Id.* ¶ 19, 20. But he relented and took the test after he was informed that further refusal would result in his termination. *Id.* According to Gonzales, he submitted to the test "under pressure" and because "he knew that he was 'clean.'" *Id.* ¶ 21. But Gonzales straightforwardly concedes that "[t]he results of the drug test came back positive for some drugs." *Id.* ¶ 22. And he does not dispute the testing procedures or take issue with the accuracy of the results; he instead contends only that the City knew he was taking prescribed pain medication after suffering on-the-job injuries. *Id.* ¶ 28. Gonzales offers no explanation for why his prescription for medication does not excuse his positive test result.

Citing the drug-test results, the City, on May 12, 2016, issued Gonzales a Notice of Final Termination. *Id.* ¶ 22. Gonzales appealed the termination decision. *Id.* ¶ 23. On July 28, 2016, the Civil Service Commission held a hearing on the appeal. *Id.* ¶ 24. During this hearing, Gonzales opposed his termination but only on the grounds that the City violated its own drug testing policy by requiring him to take a drug test the day after the alleged incident. *Id.* In

response, according to Gonzales, the Parks and Recreation Department argued that it has its own non-written policy, "which requires that a drug test be taken on every accident." *Id.* ¶ 25. On July 28, 2016, the Commission recommended that the City Manager sustain Gonzales's termination. *Id.* ¶ 26. On October 24, 2016, the City Manager accepted this recommendation, which according to Gonzales made his termination "final." *Id.* ¶ 27.

Gonzales initiated this § 1983 action on August 22, 2017, in Bexar County state court. He alleged that the City violated his substantive and procedural due process rights. *Id.* ¶ 30. Gonzales further alleged that the City violated his right to equal protection under the law "due to the dichotomy in the Defendant, City's application and enforcement of its Drug Testing Policy in regards to all of its departments." *Id.* ¶ 34. Finally, Gonzales alleged that the City violated his "right of liberty of gainful employment and free of defamation by government action and officials." *Id.* Gonzales seeks both reinstatement of his employment and damages in the form of back pay, mental anguish, reputational damages, and loss of benefits. *Id.* ¶¶ 35, 37. In the course of lodging these claims, Gonzales does not allege that the drug test results were in error or explain why his prescription does not excuse his positive test result.

The City removed the action to federal court and now moves to dismiss Gonzales's claims under Rule 12(b)(6). According to the City, Gonzales has failed to allege or identify any facts sufficient to impose municipal liability. The City further alleges that Gonzales has failed to identify how requiring a post-accident drug test was arbitrary or capricious or allege facts capable of showing that the policymaker acted with conscious indifference. Mot. at 6.

## II. Legal Standards

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), a court "accept[s] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 200 (5th Cir. 2016) (quoting *In re Katrina*

*Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). But a court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

### III.  Analysis

For the reasons discussed below, Gonzales has failed to sufficiently plead facts capable of showing that the City committed a constitutional violation and that a City policy was the moving force behind any alleged constitutional violation.

*Alleged Constitutional Violations*. As further explained shortly, the only conceivably viable alleged constitutional violation at issue here involves whether the City violated Gonzales's due process rights by testing him when it did. This claim involves only the timing of the test; Gonzales does not take issue with the test itself or its results. But before turning to this claim, Gonzales's remaining claims—and why they fail under Rule 12(b)(6)—warrant some discussion.

First to fail is Gonzales's claim that the City violated his right to equal protection under the law by applying its drug testing policies unequally between different departments. This claim can survive only if it is alleged that similarly situated employees are treated differently. *See*

*Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000). Employees who are employed in different departments, however, are generally not similarly situated. *See, e.g.*, *Lee v. Kansas City South Railway Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009) ("Employees with different supervisors, who work for different divisions of a company . . . generally will not be deemed similarly situated."); *see also Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 587 (5th Cir. 2016) (noting that employment decisions "by their nature involve discretionary decisionmaking" and, hence, are not amenable to a so-called class-of-one equal protection claim). This claim, therefore, fails from the outset.

Next is Gonzales's defamation claim. Because he has not alleged that the City disseminated his drug-test results outside the proper chain of command or that the drug-test results were inaccurate, he has failed to state a claim upon which relief could be granted. *See White v. Thomas*, 660 F.2d 680, 684 (5th Cir. 1981) ("A constitutionally protected liberty interest is implicated only if an employee is discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities."); *Johnson v. Martin*, 943 F.2d 15, 17 (7th Cir. 1991) (affirming dismissal of plaintiff's claim that employer's placement of drug test results in his personnel file violated his liberty interest in his reputation where plaintiff conceded that the results had not been disseminated to any potential future employers). This claim, therefore, also fails as alleged.

In any event, Gonzales has abandoned these other claims (the non-due process claims). Gonzales argues in his Response *only* that the City violated his due process rights in connection with his employment. His failure to defend any other claims in response to the motion to dismiss effectively abandons those claims. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th

5

Cir. 2006) (plaintiff abandoned claim alleged in complaint when she failed to defend claim in response to motion to dismiss).

*Municipal Liability*. Gonzales has not alleged sufficient facts to support a finding of municipal liability under any theory or claim. "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Gonzales alleges that the City violated his constitutional rights in two different ways: (1) failing to comply with its city-wide drug test policy when subjecting him to a drug test; and (2) employing two "separate distinct Drug Testing Policies each one delineating different requirements and circumstances under which an employee of Defendant, City is required to take a drug test." Compl. ¶¶ 33-34. Accordingly, Gonzales presents both facial and as-applied challenges to the City's drug-testing policies. While a facial challenge to the constitutionality of the City's policies would be sufficient to hold the City liable (assuming the policy is ultimately found unconstitutional), the mere failure to follow policy or procedure in a single incident will not permit an inference of municipal liability. *See Hudson v. City of Riviera Beach*, 982 F. Supp. 2d 1318, 1327 (S.D. Fla. 2013) (employee's challenge to city's failure to follow drug testing policy did not support a finding of municipal liability). To hold otherwise would impermissibly transform a single alleged constitutional violation by a non-policymaker into a municipal policy. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989) (a city is not "automatically liable under § 1983 if one of its employees happened to apply the policy in an unconstitutional manner, for liability would then rest on *respondeat superior*").

Further, although a city manager may act as a final policymaker for purposes of § 1983 municipal liability in certain circumstances, *see e.g., Mattix v. Hightower*, No. 3-96-cv-15-R,

1998 WL 246671, at *13 (N.D. Tex. May 3, 1998), the Complaint contains no allegation that the City Manager is a final policymaker with respect to the employment decision at issue in this case, *see Advanced Tech. Bldg. Sols., L.L.C. v. City of Jackson, Miss.*, 817 F.3d 163, 165 (5th Cir. 2016) (recognizing that while a "single decision" by an authorized policymaker may represent "an act of official government policy . . . liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered").

Accordingly, it appears that only Gonzales's facial challenge to the constitutionality of the City's drug testing policies (if proven) could support a finding of municipal liability.

*Due Process*. Even if Gonzales had alleged facts sufficient, if true, to support municipal liability, he has failed to allege facts, even if true, capable of supporting a finding that he suffered either a substantive or procedural due process violation. *See Hale v. Bexar County, Tex.*, 342 Fed. App'x 921, 925 (5th Cir. 2009) ("A municipality cannot be held liable under § 1983 if there is no underlying constitutional violation."); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 467 (5th Cir. 2010) ("Because Bustos has alleged no constitutional injury attributable to the Officers, Bustos has failed to state a claim that a City policy was the moving force behind a violation of his constitutional rights.").

"To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (quotation marks omitted). "[S]ubstantive due process requires only that public officials exercise professional judgment, in a nonarbitrary and noncapricious manner, when depriving an

individual of a protected property interest." *Id.* (quotation marks omitted). An employment decision is arbitrary or capricious where the decision is made "without a rational connection between the known facts and the decision or between the found facts and the evidence." *Id.* (quotation marks omitted). In other words, to be arbitrary or capricious, a plaintiff must that an employment decision involved an "abuse of power by the [ ] official [that] shocks the conscience." *Id.* (quotation marks omitted).

Procedural due process, on the other hand, "entitles a public employee with a property right in his employment to notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Fowler v. Smith*, 68 F.3d 124, 127 (5th Cir. 1995) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)).

Gonzales has not alleged a protected property interest in his continued employment. Gonzales argues, in error, that merely by virtue of his longtime employment with the City, he held a constitutionally protected interest in his employment. Resp. at 5. But "a property interest is not incidental to public employment, instead it must be created by an independent source, such as state law." *Muncy v. City of Dallas, Tex.*, 335 F.3d 394, 398 (5th Cir. 2003) (citing *Perry v. Sindermann*, 408 U.S. 593, 601 (1972) and *Conner v. Lavaca Hosp. Dist.*, 267 F.3d 426 (5th Cir. 2001)). The inquiry here is whether Gonzales had a "legitimate right to continued employment." *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 155 (5th Cir. 1996). The Fifth Circuit has recognized a property interest "where the public entity has acted to confer, or alternatively, has created conditions which infer, the existence of a property interest by abrogating its right to terminate an employee without cause." *Muncy*, 335 F.3d at. In Texas, there is a presumption against any such finding, unless the employment relationship is "altered by contract or by

express rules or policies limiting the conditions under which an employee may be terminated." *Id.* (citations omitted). The mere fact that Gonzales may have held his position for a lengthy period of time does cannot alone create a legitimate right of entitlement to continued employment with the City. To state a claim, he must allege additional facts capable of supporting the conclusion that he has a protected property interest in his continued employment.

Further, even assuming Gonzales were to adequately allege a protected property interest in his continued employment with the City, the facts as alleged could not support an ultimate finding that the City acted arbitrarily or capriciously in its decision to end Gonzales's employment. Gonzales admits that he tested positive for drugs, and he does not dispute the accuracy of the test results. *See, e.g., McKendall v. City of New Orleans*, No. CIV. A. 92-2393, 1993 WL 85954, at *5 (E.D. La. Mar. 12, 1993) ("McKendall's dismissal was not arbitrary or capricious, as he had tested positive for an illegal drug."); *Adler v. County of Nassau*, 113 F. Supp. 2d 423, 432 (E.D.N.Y. 2000) (no denial of substantive due process where plaintiff's drug test proved positive for valium, and there was no allegation that the results had been falsified).

The thrust of Gonzales's claim involves the timing of the test. He argues—without any supporting authority—that the City violated his due process rights by administering his test the day after the incident, as opposed to the day of that incident. This violated his rights, he contends, because it contravened a City-wide policy. But, without more, the City's mere technical failure to comply with its own internal policies—resulting in a positive test result not in dispute—does not amount to a due process violation, provided constitutional minima regarding notice and other due process protections are met. *See, e.g.*, *Brown v. Texas A & M Univ.*, 804 F.2d 327, 335 (5th Cir. 1986) ("The University's admitted failure to comport with its internal pretermination procedures does not by itself amount to a violation of the Due Process Clause.

9

The failure of a state agency to comply with its internal regulations is insufficient as a matter of law to establish a violation of Due Process, because constitutional minima nevertheless may have been met."); *Levitt v. Univ. of Texas at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985) (There is not a violation of due process every time a . . . government entity violates its own rules. Such action may constitute a breach of contract or violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation"; *Fuller v. Brownsville Indep. Sch. Dist.*, No. CV B: 13-109, 2016 WL 3960563, at *9 (S.D. Tex. May 18, 2016), *report and recommendation adopted*, 2016 WL 3932237 (S.D. Tex. Jul. 21, 2016) (similar proposition). Accordingly, the question is not whether the City complied with or violated a policy but rather whether and how in allegedly departing from its policy the City allegedly fell short in providing Gonzales notice or other substantive or procedural protections to which he is constitutionally due. Nothing in Gonzales's Complaint reflects any such due process violation here.

To start, it cannot "shock the conscience" to subject an employee to a drug test the day after an incident, in the context of the facts as they are alleged here. According to Gonzales's own allegations, the traffic incident occurred late in the day. Without something more, postponing a test to the next day could not "shock the conscience." Importantly, Gonzales does not assert that if the City had complied with its policy, his tests would have yielded a different result. To the contrary, Gonzales appears to suggest that the result would have been the same; under either scenario he was taking pain medication. *See* Compl. ¶ 28. What Gonzales appears to allege is a harmless and purely technical departure from an internal procedure, with no independent harm stemming from it beyond the mere failure to follow a procedure. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547-50 (2016) (discussing how purely technical violations of

internal procedures may not cause harm sufficient to confer standing). A bare allegation of a purely technical procedural violation, which otherwise appears utterly harmless, cannot in circumstances such as these support a valid claim for relief.

Nor has Gonzales alleged facts that could reflect how the City's alleged use of two different drug testing policies is arbitrary or capricious. One policy is alleged to have applied City-wide and another more specifically to the Parks and Recreation Department, but both allegedly permitted post-accident drug testing. While two inherently contradictory policies might give the Court pause if sufficient detail within the policies were at issue, here both policies, as alleged, notified Gonzales that he could be subject to a drug test post-accident. Again, the only difference between the policies appears to be the timing of the test. While an employer's maintenance of two slightly different policies is not ideal from an administrative perspective, as alleged here it simply could not be deemed "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998). Gonzales admits he had notice he could be subject to a drug test under these circumstances, and he does not allege that in practice the City consistently refused to administer drug tests beyond the day of the incident other than in this one instance. Accordingly, as alleged, the City's decision to test Gonzales and later terminate him for a positive results is neither arbitrary nor capricious so as to implicative substantive due process concerns.

Gonzales's related complaint about procedural due process essentially mirrors his substantive due process claim, and it similarly lacks merit. *See* Resp. at 6-7. With respect to the termination decision, Gonzales does not allege that the City failed to provide him with notice and an opportunity to "present his side of the story" prior to his termination. *Fowler*, 68 F.3d at 127. He does not dispute the basis for the City's termination decision and admits that he was later

afforded a hearing wherein he was provided an opportunity to speak. Gonzales does not challenge the fairness of this hearing or argue that his termination would not have been justified had he been drug tested one day earlier. Instead, Gonzales argues that the City violated his procedural due process rights because the procedure employed "allowed for the continuation of such arbitrary policy." Resp. at 7. But a plaintiff does not have a procedural due process claim merely because he does not agree with the results after process has been afforded. *See, e.g., Clarke v. Univ. of N. Texas*, 993 F.2d 1544 (5th Cir. 1993) (rejecting plaintiff's procedural due process claim because "[p]rocedural due process rights do not guarantee a particular outcome to a disciplinary proceeding but only assure that it is fairly conducted"); *Moreno v. Donna Indep. Sch. Dist.*, No. 7:12-CV-141, 2013 WL 12099971, at *2 (S.D. Tex. Mar. 1, 2013), *aff'd*, 589 Fed. App'x 677 (5th Cir. 2014) (rejecting plaintiff's procedural due process claim and noting that "[w]hile Plaintiff may disagree with the outcome, the evidence and Plaintiff's own admissions makes clear he received appropriate notice and a hearing."); *Cheathon v. Brinkley*, 822 F. Supp. 1241, 1243 n. 4 (M.D. La. 1993) ("Since our concern here is procedural due process, the ultimate outcome of the civil service proceedings does not concern us.").

Finally, even if Gonzales properly alleged a violation of his pre-deprivation procedural due process rights, reinstatement and back pay would likely be inappropriate here. *See Morehouse v. Jackson*, 614 Fed. App'x 159, 163-64 (Jun. 5, 2015) ("When a plaintiff receives a constitutionally satisfactory post-termination hearing, and it is clear that the plaintiff's dismissal would have ultimately occurred absent procedural defects, the plaintiff is not entitled to reinstatement, or to back pay and related benefits.") (internal citations and quotations omitted).

*Leave to Amend*. Gonzales requests leave to file an amended complaint in the event the City's motion is granted. Gonzales, however, does not specify how an amendment will cure the

above deficiencies in his Complaint, and for this reason leave may properly be denied. *See, e.g.*, *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* Fed. R. Civ. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a).") (quotation marks omitted). Gonzales, however, has not previously attempted to amend his complaint and the undersigned cannot say at this time that an amended complaint, in which Gonzales clarifies his factual allegations, would necessarily be futile.

## IV. Conclusion

For the reasons discussed above, the City's Motion, Dkt. No. 6, should be **GRANTED**. Gonzales, however, should be permitted leave to file an amended complaint to cure the pleading deficiencies outlined herein.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to

file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

    SIGNED this 12th day of June, 2018.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE